59 CCPA

**BRAUNER & COMPANY, Appellant,**

**v.**

**The UNITED STATES, Appellee.**

**Customs Appeal No. 5432.**

United States Court of Customs and Patent Appeals.

Nov. 11, 1971.

Rode & Qualey, New York City, attorneys of record, for appellant. Ellsworth F. Qualey, New York City, of counsel.

L. Patrick Gray, III, Asst. Atty. Gen., Andrew P. Vance, Chief, Customs Sec-

tion, Robert Blanc, New York City, for the United States.

Before WORLEY, Chief Judge, and RICH, ALMOND, BALDWIN and LANE, Judges.

LANE, Judge.

This is an appeal from the decision and judgment of the Second Division of the United States Customs Court, 65 Cust.Ct. 171, C.D. 4074 (1970), which overruled appellant's protest of the collector's classification of adjustable steel shores under paragraph 372 of the Tariff Act of 1930, as modified by Presidential Proclamation No. 3468, 97 Treas. Dec. 157, T.D. 55615. Appellant contends that the shores should have been classified under paragraph 312, as modified by Proclamation No. 2929, 86 Treas. Dec. 121, T.D. 52739. We affirm the lower court.

The merchandise consists of shores used in the support of framework and forms in reinforced concrete construction. Each shore includes an outer welded steel tube and an inner welded steel tube which telescopes within the outer tube. There is a series of spaced holes through the inner tube and a collar threaded on the end of the outer tube. The shore is adjustable in length from 6 feet 7 inches to 10 feet 10 inches. When using the shore, a coarse adjustment of its length is made by inserting a pin through appropriate holes in the inner tube. Then a fine adjustment is made by rotating the threaded collar on the outer tube so that it engages the pin to move the inner tube with respect to the outer tube. The collar is turned by a handle about 8 inches long to obtain the final fine adjustment of the total length of the shore.

The pertinent provisions of the tariff act, as modified, read as follows:

Paragraph 372, as modified by T.D. 55615:
  Machines finished or unfinished, not specially provided for:

＊ ＊ ＊ ＊ ＊ ＊ ＊

  Other (＊ ＊ ＊) ...........10½% ad val.
Paragraph 312, as modified by T.D. 52739:
  Beams, girders, joists, angles, channels, car-truck channels, tees, columns and posts, or parts or sections of columns and posts, and decks and bulb beams, together with all other structural shapes of iron or steel:

＊ ＊ ＊ ＊ ＊ ＊ ＊

  Machined, drilled, punched, assembled, fitted, fabricated for use, or otherwise advanced beyond hammering, rolling, or casting ................... 7½% ad val.

The testimony of the importer's witnesses indicates that after the height of the shore is adjusted and positioned to support the concrete form at the required level no further adjustment is made. The movable parts of the shore are used to set it to a desired height and may be used to raise or lower the wooden form before concrete is poured therein. Obviously, the shores may also be adjusted to a shorter length after the poured concrete has set to permit the shores and forms to be removed for use in other locations.

The Customs Court held that the adjustable shores are machinery, rather than columns or posts, since they are comprised of movable parts which utilize and apply force for the transmission of motion, and that the shores are more than columns or posts because they may perform work in use. We agree with the Customs Court that the imported shores are not merely columns or posts but are an assemblage of movable parts. The shores are therefore not similar structures to columns and posts within the common meaning of those terms.

Appellant's contention that the sole purpose of the shores is to support a load is seriously weakened by the evidence that the adjustable shores may be utilized to raise a form before the concrete is poured, and that they may be shortened for removal after the concrete has set.

The definition of a machine quoted in our opinion in United States v. Idl Man-

ufacturing & Sales Corporation, 48 CCPA 17, 23, C.A.D. 756 (1960), reads:

Any device consisting of two or more resistant, relatively constrained parts, which, by a certain predetermined intermotion, may serve to transmit and modify force and motion so as to produce some given effect or to do some desired kind of work; * * *

That definition describes the adjustable shores involved in the present case. The fact that the adjustable shore may be used to raise the empty wooden form before the concrete is poured into the form compels us to agree with the court below that this merchandise is more than a mere column or post, and that it is properly classified under paragraph 372, as modified. The judgment of the court below is affirmed.

Affirmed.