**S. G. B. STEEL SCAFFOLDING & SHOR- ING CO., INC., Appellant,**

v.

**The UNITED STATES, Appellee.**

**Customs Appeal No. 5542.**

United States Court of Customs and Patent Appeals.

June 6, 1974.

Siegel, Mandell & Davidson, New York City, attorneys of record, for appellant. Joshua M. Davidson and Allan H. Kamnitz, New York City, of counsel.

Irving Jaffe, Acting Asst. Atty. Gen., Andrew P. Vance, Chief, Customs Section, John A. Gussow, New York City, for the United States.

Before MARKEY, Chief Judge, and RICH, BALDWIN, LANE and MILL-ER, Judges.

LANE, Judge.

This appeal is from the decision and judgment of the United States Customs Court reported at 70 Cust.Ct. 158, C.D. 4423, 361 F.Supp. 631 (1973), dismissing the civil action brought to challenge the Regional Commissioner's classification of certain imported shore frames within item 657.20 TSUS as other articles of iron or steel. We affirm.

Appellant contends that the imported shore frames are merely an improved version of a single-pole vertical shore and should be classified within item 664.10 TSUS relating to elevators, hoists, winches, cranes, jacks, etc. The trial court which heard the witnesses and examined the exhibits found that the shore frame system consisted of a number of components fitted and used together to shore formwork into which reinforced concrete is poured, as a temporary support until the load can sustain itself. The shore frame system is composed of two parallel poles connected by horizontal bars. Other components, illustrated in plaintiff's exhibit # 2, include the base plate assembly, the adjustment screw assembly or bottom jack, the staff connector or upper jack, the shore staff assembly, the shore heads, and the cross braces.

After consideration of appellant's arguments, we have concluded that we are in full agreement with the opinion of the trial judge and we adopt it as our own. The judgment is affirmed.

---

MILLER, Judge (dissenting).

Although the horizontal bars and cross-braces cause the merchandise in question to be more than single pole shores, that fact does not prevent its classification under item 664.10 as lifting machinery. This court, in holding that single pole, adjustable shores were "machines" for purposes of paragraph 372 of the Tariff Act of 1930, quoted with approval the following definition of "machine":

> Any device consisting of two or more resistant, relatively constrained parts, which, by a certain predetermined intermotion, may serve to transmit and modify force and motion so as to produce some given effect or to do some desired kind of work; . . .

Brauner & Co. v. United States, 59 CCPA 24, C.A.D. 1030, 451 F.2d 646 (1971). Moreover, no new function or functions were derived by appellant's shore frames from the addition of the horizontal bars and cross-braces. They were merely rendered more stable and safe in performing their function as lifting machinery. Cf. United States v. Flex Track Equipment Ltd., 59 CCPA 97, C.A.D. 1046, 458 F.2d 148 (1972).

The decision and judgment of the Customs Court should be reversed.